IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| PAMELA BATTLE, et al., | ) | |
|  | ) | |
|     Plaintiffs, | ) | |
|  | ) | |
|  | ) | |
| v. | ) | No. 22-cv-2262 |
|  | ) | |
| FLASH MARKET, LLC, | ) | |
|  | ) | |
|     Defendant. | ) | |
|  | ) | |

**ORDER DISMISSING CERTAIN PLAINTIFFS WITHOUT PREJUDICE AND
REQUIRING THE FILING OF WRITTEN CONSENT UNDER THE FLSA**

In this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Plaintiffs Pamela Battle, Erhonda Brewster, Robin Cook, D'Shawn Henderson, June Moore, Dacey Sumner, Johnsie Tucker, Christopher Weghorst, Holly Weghorst, and Hailey Woodward sue Defendant Flash Market, LLC for its alleged failure to pay for all work performed. (ECF No. 1 at 1, 6.) Before the Court is the parties' July 21, 2023 Joint Stipulation of Dismissal of three Plaintiffs without prejudice. (ECF No. 34.) Pursuant to the stipulation, Plaintiffs Pamela Battle, Robin Cook, and Hailey Woodward and their claims are DISMISSED without prejudice.

Also before the Court is the parties' July 21, 2023 Joint Motion for Approval of Settlement. (ECF No. 35.) The parties

represent that they have come to a settlement of all claims and ask the Court to approve the settlement. (Id.)

Before approving a settlement, a district court must ensure that each plaintiff has filed with the court a written consent to be a party. Baker v. ABC Phones of N.C., Inc., No. 19-cv-2378, 2021 U.S. Dist. LEXIS 208344, at *7 (W.D. Tenn. Oct. 28, 2021) (citing Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006)); see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although it may appear an anomalous rule, the Sixth Circuit has been clear that the requirement to file written consent applies even to plaintiffs named in the complaint. Frye v. Baptist Mem'l Hosp., Inc., 495 F. App'x 669, 675 (6th Cir. 2012) ("[C]ourts construe the [statutory] language to do what it says: require a named plaintiff in a collective action to file a written consent to join the collective action.").

None of the Plaintiffs has filed with the Court a formal written consent to sue. Plaintiffs did file, as an exhibit to the Joint Motion for Approval of Settlement, a settlement agreement signed by Plaintiff D'Shawn Henderson. (ECF No. 35-1.) The settlement agreement recites pertinent facts about the lawsuit and indicates that the signer wishes to release his FLSA

2

claims and receive a settlement payment. (Id. at 1-4.) Although the settlement agreement is not a formal, explicit notice of consent to join the lawsuit, "[c]ourts have generally not taken a strict approach with regard to the form of the written consent, at least with respect to named plaintiffs." Wells v. Cmty. Health Sys., Inc., 630 F. Supp. 3d 938, 943 (M.D. Tenn. 2022) (quoting Judd v. Keypoint Gov't Sols., Inc., No. 18-cv-00327-RM-STV, 2018 U.S. Dist. LEXIS 103127, at *8 (D. Colo. June 20, 2018)). The settlement agreement is sufficient to constitute Plaintiff Henderson's consent to be a party to this action.

Because no written consent to join has been filed for Plaintiffs other than Plaintiff Henderson, Plaintiffs are ORDERED to file, within ten days of the entry of this Order, written consent for each other remaining Plaintiff. Plaintiffs may, but are not required to, satisfy this obligation by filing each Plaintiff's signed settlement agreement. Once all written consents have been properly filed, the Court will be able to address the parties' Joint Motion for Approval of Settlement.[1]

---

[1] Pending before the Court is former Defendant PFMFC, Inc.'s motion to dismiss. (ECF No. 19.) PFMFC, Inc. has since been dismissed on Plaintiffs' motion. (ECF No. 27.) The motion to dismiss, ECF No. 19, is DENIED as moot.

SO ORDERED this 7th day of August, 2023.

        /s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE